**In re SOUTHEAST BANKING CORPORATION, Debtor.**

**William A. BRANDT, Jr., Trustee, Plaintiff,**

v.

**440 ASSOCIATES, a Florida General Partnership, and A.E. Doral, Inc., a Florida corporation, Defendants.**

**Bankruptcy No. 91–14564–BKC–SMW. Adv. No. 92–1304–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Feb. 22, 1993.

Kenneth B. Robinson, Miami, FL, for plaintiff.

Alan J. Perlman, Miami, FL, for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL SUMMARY JUDGMENT

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court for hearing on Friday, February 12, 1993, at 9:30 a.m. upon the Plaintiff's Motion for Final Summary Judgment (the "Motion") filed by Plaintiff, WILLIAM A. BRANDT, JR., as Trustee of the Chapter 7 estate of SOUTHEAST BANKING CORPORATION (the "Debtor") in connection with his Complaint to Avoid Post–Petition Transfer of Property (the "Complaint"). The Court having read and considered the Motion, having heard argument of counsel, having dismissed the Defendants' Counterclaim without prejudice, being advised that Plaintiff dismisses Count II of the Complaint without prejudice and being otherwise duly advised in the premises, enters its finding of fact, conclusions of law and summary final judgment as follows:

By way of its Complaint, Plaintiff seeks the entry of a final judgment determining that the liens and encumbrances created by the Defendants' recordation of certain purported Road Contribution Agreements are avoided pursuant to Section 549(a) of the Bankruptcy Code.

The facts at issue in this adversary proceeding do not appear to be in dispute. The Debtor in this case was and continues to be the owner of a 27–acre parcel of vacant land located on N.W. 97th Avenue and N.W. 41st Street in Dade County, Florida, more commonly known as the Doral Property. In or about March 1990, Defendants circulated a Road Contribution Agreement ("Agreement 1") which purported to obligate certain adjacent property owners to contribute a pro rata share of the costs and expenses associated with certain road improvements which Defendants had agreed to undertake arising from their ownership and development of certain property adjacent to the Doral Property. Agreement 1 incorrectly designated the owner of the Doral Property as Southeast

Bank, N.A. In or about May 1990, Defendants circulated a second Road Contribution Agreement ("Agreement 2"), which purported agreement contained identical terms to Agreement 1 except that it designated the Debtor as the owner of the Doral Property. The Defendants contend that the Agreements were one in the same, executed in counterparts and correct the ownership of the Doral property. Paragraph 6 of Agreements 1 and 2 provided in part that the obligations of the Debtor "shall be a covenant running with the Southeast Property ..."

Defendants recorded Agreements 1 and 2 in the Public Records of Dade County, Florida, on April 27, 1992, approximately seven months after the Debtor had filed its petition for relief under Chapter 7 of the Bankruptcy Code on September 20, 1991. It is alleged by the Plaintiff in the Complaint and admitted by Defendants that the recordation of Agreements 1 and 2 placed post-petition liens and encumbrances on the Doral Property. It is further alleged by the Plaintiff in the Complaint and admitted by Defendants that the recordation of Agreements 1 and 2 was not authorized under Title 11 or by the Bankruptcy Court and, as such, the liens and encumbrances on the Doral Property created by the recording of Agreements 1 and 2 are avoidable pursuant to Section 549(a) of the Bankruptcy Code, 11 U.S.C. § 549(a). The Court agrees with this conclusion.

The recordation of Agreements 1 and 2 created liens under Section 101(37), 11 U.S.C. § 101(37) of the Bankruptcy Code, which defines lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation." The recordation of the Agreements in this case constitute a post-petition transfer of the Debtor's property and said liens and encumbrances created by the recording are avoidable pursuant to Section 549(a) of the Bankruptcy Code, 11 U.S.C. § 549(a). *In re Pointer*, 952 F.2d 82 (5th Cir.1992); *In re Timberline Property Development, Inc.*, 115 B.R. 787 (D.N.J.1990); *In re Electric City, Inc.*, 43 B.R. 336 (Bankr. W.D.Wash.1984).

Based on the foregoing, the Court finds that the recordation of Agreements 1 and 2 and the liens and encumbrances created by said recordation are avoidable by the Plaintiff as a matter of law. Accordingly, having made the foregoing findings of fact and conclusions of law, it is hereby,

ORDERED AND ADJUDGED as follows:

1. That a final summary judgment is granted in favor of Plaintiff, WILLIAM A. BRANDT, JR., as Trustee for the Chapter 7 estate of SOUTHEAST BANKING CORPORATION, on Count I of his Complaint as set forth herein.

2. That the liens and encumbrances on the Doral Property created pursuant to the recordation of Agreement 1 in Official Records Book 15488, at Page 3553 of the Public Records of Dade County, Florida, and Agreement 2 in Official Records Book 15488, at Page 3544 of the Public Records of Dade County, Florida, pertaining to the Doral Property more fully described on Exhibit "A", be and hereby are avoided pursuant to Section 549(a) of the Bankruptcy Code, 11 U.S.C. § 549(a).

3. That Plaintiff, WILLIAM A. BRANDT, JR., shall be authorized and permitted to file a certified copy of this Findings of Fact, Conclusions of Law and Final Summary Judgment in the Public Records of Dade County, Florida, which Judgment shall serve as record notice that the liens and encumbrances on the Doral Property created by the recordation of the Agreements are permanently released and discharged of record. To the extent that the recordation of this Final Summary Judgment would not be sufficient to release and discharge the aforesaid liens and encumbrances, the Court shall retain jurisdiction of this cause to consider any request that the Defendants be required to execute and record such documents as are necessary to effectuate the intent of the Final Summary Judgment.

4. That this Final Summary Judgment shall not constitute an adjudication of the validity of the Road Contribution Agreements, nor whether Defendants shall be entitled to an unsecured claim against the Debtor's estate.

5. That Count II of the Complaint is dismissed without prejudice.

DONE AND ORDERED.

### EXHIBIT A

*Legal Description*

Tracts 44, 45 and 46 in Section 21, Township 53 South, Range 40 East, of FLORIDA FRUIT LANDS COMPANY'S SUBDIVISION, according to the Plat thereof, as recorded in Plat Book 2, at Page 17, of the Public Records of Dade County, Florida