ORDER
 

 The opinion filed on May 21, 1996, and amended on September 26, 1996 is hereby WITHDRAWN.
 

 OPINION
 

 NOONAN, Circuit Judge.
 

 David Margen and Lawton Associates (the Lenders) appeal a judgment of the district court in favor of Tevis Thompson, Jr., (the Trustee), trustee in bankruptcy of James D. and Clara M. McConville (the Debtors). The
 
 *49
 
 judgment held voidable a deed of trust given by the Debtors to the Lenders after the Debtors had filed for bankruptcy. Applying § 364 of the Bankruptcy Code, we modify the judgment of the district court.
 

 FACTS
 

 The Debtors dealt in distressed real property. On July 8,1993, the Debtors agreed to purchase from Bayview Federal Bank (Bay-view) eight apartments at 725 Elmhurst, Oakland, California (the property) for $122,-000. They paid $10,000 down to Bayview, nonrefundable. The closing was set no later than 30 days from July 8. The Debtors counted on funding to be furnished by Robert Kamp. However, Kamp was unable to provide the funds by the closing date. The Debtors obtained an extension to August 13, 1993 and for this extension paid to the Bank an additional nonrefundable $5,000.
 

 On July 14, 1993 the Debtors filed a Chapter 11 petition in bankruptcy. There is no evidence in the case that they disclosed this filing to Bayview, Kamp, or Lawton Associates, who had arranged with Kamp for him to make the loan on the property. When Kamp did not come up with the cash, the Lenders agreed to make a bridge loan to the Debtors to tide them over till Kamp came through. The Lenders believed that the property was worth more than $122,000. They were told by Kamp that the Debtors’ credit was good and that he was looking for other opportunities to lend to the Debtors. The Lenders had no information that the Debtors had already filed for bankruptcy. They did not require a loan statement from the Debtors and had no representation from them as to their assets and liabilities.
 

 On August 12 the Debtors executed a note and deed of trust on the property in favor of the Lenders in the principal amount of $107,-000. The note was payable in 30 days. The interest was 12 per cent. The Lenders retained $10,000 of the loan as an additional fee. With the balance the Debtors acquired the property on August 13, 1993. On the same date the Lenders recorded the trust deed.
 

 PROCEEDINGS
 

 The Debtors’ bankruptcy case was converted to a Chapter 7 proceeding on September 13, 1993 and the Trustee was appointed. The Lenders sought relief from the automatic stay to foreclose the deed of trust. The bankruptcy court denied the relief. The Trustee then filed a complaint to void the lien created by the deed of trust as an unauthorized, post-petition transfer, voidable under Bankruptcy Code § 549(a). After a hearing, the bankruptcy court held the Debtors had acted in violation of § 364; that, although the Lenders were purchasers in good faith, re-cordation of the deed of trust violated the automatic stay of Bankruptcy Codev § 362(a)(4); and that the transfer was not a transfer of real property to a good faith purchaser as provided in the exception created by Bankruptcy Code § 549(c). The bankruptcy court entered judgment for the Trustee, declaring that the Lenders had no lien against the proceeds of the sale of the property.
 

 The Lenders appealed to the district court which held that a lender who acquired a lien on real property was not a “purchaser” within the meaning of § 549(e). The judgment of the bankruptcy court was affirmed.
 

 The Lenders appeal.
 

 ANALYSIS
 

 This case was decided by the district court on the basis of § 549, and on the initial appeal both parties argued to this court in terms of § 549. Both parties vigorously argued that the lien in favor of the Lenders was a transfer within the meaning of the bankruptcy code. The Trustee argued that he might avoid it under § 549(a), while the Lenders argued that it qualified for the exception under § 549(c). Whatever the abstract merit of these contentions, we find them both blocked by our precedents,
 
 In re Schwartz,
 
 954 F.2d 569, 574 (9th Cir.1992), and
 
 In re Shamblin,
 
 890 F.2d 123, 127 (9th Cir.1989), which simply hold that the creation of a lien does not transfer property for purposes of § 549.
 

 We asked for further briefing. The parties in effect concede that only an en banc
 
 *50
 
 court could change the rulings made in
 
 Schwartz
 
 and
 
 Shamblin.
 
 We are not disposed to ask for an en banc court if there is a simple way of resolving this case. We now hold that the Debtors’ obtaining secured credit from the Lenders violated § 364(c)(2).
 

 Section 364(c) and (c)(2) provide:
 

 (c) If the trustee is unable to obtain unsecured credit allowable under 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining and credit or the incurring of debt—
 

 (2) secured by a lien on property of the estate that is not otherwise subject to a lien____
 

 §§ 364(e) and (c)(2).
 

 Section 364 is applicable to the Debtors. Prior to the appointment of a trustee, the Debtors were fiduciaries of their own estate owing a duty of care and loyalty to the estate’s creditors.
 
 In re March,
 
 995 F.2d 32, 34 (4th Cir.1993). In such cases, § 364 applies to them.
 
 See In re Century Brass Products,
 
 22 F.3d 37, 39-40 (2d Cir.1994); 2
 
 Collier on Bankruptcy,
 
 ¶ 364.02, at 364-6 (1996). By incurring secured debt without prior court authorization, the Debtors violated § 364(c)(2).
 
 See Collier’s On Bankruptcy,
 
 ¶ 364.04, at 364-11. An appropriate remedy for this disregard is cancellation by the court of the transaction. It is disruptive of bankruptcy for an estate to obtain fresh credit without regard to the court now supervising the estate. It is within the power of that court to rescind the contract unlawfully made.
 

 The exercise of this corrective power, however, should not occur without regard to the equities of the situation, for, within the limits set by the Code, a bankruptcy court must do equity.
 
 Bank of Marin v. England,
 
 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966). The equities here are these: On the one hand, as the Lenders have not ceased to remind us, their loan enabled the Debtors to carry out their contract and so obtain the property for the estate. Moreover, the Trustee stipulated that the Lenders were in good faith, so that the question of their knowledge of the Debtors’ actual bankruptcy was removed from the case. On the other hand, the Lenders had to know that the Debtors’ position was precarious. The Debtors’ inability to obtain the loan they’d counted on, the absence of any effort to get bank financing, and the total amount paid for the loan signalled their situation. In addition, the Lenders’ failure to ask for any representation of the Debtors’ financial condition amounted to pretty much wilful blindness. The Lenders’ lack of knowledge of the Debtors’ bankruptcy was not unavoidable.
 

 In these circumstances, we think it equitable that the Lenders get back the amount they lent less what they have already been paid; they should get no benefit from their loan. They are therefore entitled to a lien on $97,000 of the proceeds of the sale of the property.
 

 We remand to the district court with direction to modify the decree of the bankruptcy court so that the Lenders have a lien on $97,000 of the estate.
 

 REMANDED.