In re TRANS–EAGLE CORPORATION, Debtor.

Suzanne L. Decker, Trustee, Plaintiff,

v.

Jerry Liu, Synnex, Information Technologies, Inc., A.C.T. Computers, Inc., Pacific Business Funding Corp., Supercom, Inc., and C. Kevin Chuang, Defendants.

Bankruptcy No. 96–53513–JRG.
Adversary No. 96–5381.

United States Bankruptcy Court,
N.D. California.

June 3, 1999.

Edward A. Kent, Jr., Law Offices of Edward A. Kent, Jr., Palo Alto, CA, for Debtor.

Suzanne L. Decker, San Leandro, CA, trustee.

## ORDER ON COURT'S MOTION TO RECONSIDER APPROVAL OF STIPULATION RE MOTION FOR SUMMARY JUDGMENT

JAMES R. GRUBE, Bankruptcy Judge.

### I. INTRODUCTION

The court, on its own motion, determined that it should reconsider its approval of the Stipulation Re Motion for Summary Judgment between plaintiff Decker and defendant Synnex filed on March 20, 1998. Subsequent review led the court to conclude that the parties intent was not clear with respect to paragraph 2 of the stipulation. That paragraph provides:

> The debtor and Synnex entered into the Security Agreement after this case commenced, but making that Security Agreement is not void as a violation of 11 U.S.C. § 362(a). However, whatever security interest might have been granted pursuant to the Security Agreement did not attach to any property of the estate.

Did the parties believe that the Security Agreement was void as a violation of § 362(a) but, for some undisclosed reason, agree they would not treat it in that fashion? Stated another way, did the stipulation change the result the law would have

otherwise dictated? For the reasons hereafter stated the court will not vacate or modify its prior approval of the Stipulation.

### II. DISCUSSION

The stipulation involves a Security Agreement executed by the debtor in favor of Synnex on May 16, 1998, seven days after the filing of the bankruptcy petition on May 9, 1996. Section 362(a)(4) of the Bankruptcy Code provides that the filing of the petition operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate." If the execution of the Security Agreement is viewed as an act to create a lien, then it seems it would violate the stay. The Ninth Circuit in *In re Schwartz*, 954 F.2d 569, 571 (9th Cir.1992) held that violations of the automatic stay are void, not voidable. If *Schwartz* controls, the Security Agreement would be void and the Stipulation would be contrary to existing law. Despite signing the Stipulation, Synnex states that it has always believed that *Schwartz* controls and that the Security Agreement is void as a matter of law.

Plaintiff contends that the stipulation is not contrary to existing law. She relies on *In re McConville*, 110 F.3d 47 (9th Cir. 1997) for the proposition that the "creation and perfection of post-petition liens against property of the estate are not necessarily void, though they may be violations of the automatic stay."

In *McConville*, lenders made a loan to the debtor and recorded a deed of trust post-petition without knowledge of the bankruptcy filing. The Ninth Circuit held that the debtor violated § 364(c)(2) by incurring secured debt without prior court authorization. The court then looked at the equities of the case and determined that the lenders should get back the amount of money they loaned and the Court gave the lenders a lien on the proceeds of the sale of the property. The Court also mentioned that it is governed by its precedents in *Schwartz*, and *In re*

*Shamblin,* 890 F.2d 123, 127 (9th Cir. 1989), "which simply hold that the creation of a lien does not transfer property for purposes of § 549." See *In re McConville,* 110 F.3d at 49. However, the Court provided no discussion of this statement and simply shifted its focus to § 364 on which it based the ruling.

In *Schwartz,* the Court provided a detailed discussion of the interrelationship between § 549 and § 362. The parties in *Schwartz* had based their argument on § 549 and the Court found the "supposed conflict" between the sections initially troubling noting the "the expansive definition of 'transfer' means that sections 362 and 549, at times cover the same transaction." *Schwartz,* at 573. The court resolved the "supposed conflict" noting that:

> ..., a straightforward analysis of section 549 reveals that it is not intended to cover the same type of actions prohibited by the automatic stay nor rendered moot by section 362's voiding of all automatic stay violations. Section 549 applies to unauthorized transfers of estate property which are not otherwise prohibited by the Code....In most circumstances, section 549 applies to transfers in which the debtor is a willing

participant....Section 362's automatic stay does not apply to sales or transfers of property initiated by the debtor.

*Schwartz,* at 573–574.

It is noteworthy that in both *Schwartz* and *Shamblin* it was the creditor that was the active party attempting to create the lien.[1] The debtor did not participate in the attempt to create a lien. In this case the debtor was an active participant. The present fact pattern differs from *Schwartz* and *Shamblin,* and from *McConville* as well. It is therefore not clear what approach to avoidance the Ninth Circuit would take were it to have the present case before it.

## III.  CONCLUSION

■  Based on the foregoing the court believes there was a valid legal basis for the stipulation between the parties. As such, the court will not disturb its prior ruling.[2]

---

**1.**  *Schwartz* involved a penalty assessment by the Internal Revenue Service during the debtor's Chapter 11 case. *Shamblin* involved a state tax sale conducted after the bankruptcy petition was filed.

**2.**  Plaintiff initially contended that under *In re Mulvania,* 214 B.R. 1 (9th Cir. BAP 1997), this court is powerless to change its prior order. Given the court ruling, the point is moot. Nevertheless, the court determined it had the ability to modify its ruling had it determined it was necessary to do so.

The court in *Mulvania* stated that a bankruptcy court no longer has the inherent power to reconsider its prior orders, rather its power to reconsider is governed by Federal Rule of Bankruptcy Procedure 9024 applying Federal Rule of Civil Procedure 60. *Id.* at 9 citing *In re Met–L–Wood Corp.,* 861 F.2d 1012, 1018 (7th Cir.1988). The Ninth Circuit BAP reversed the bankruptcy courts's reformation of the order approving the stipulation and remanded with instructions to analyze the issue under Rule 60.

Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding. The court may act *sua sponte* and reconsider its own orders under Rule 60(b). See 10 *Collier on Bankruptcy* ¶ 9024.04 (15th ed. rev.1997) citing *Cisneros v. United States (In re Cisneros),* 994 F.2d 1462 (9th Cir.1993).

Plaintiff argued at the hearing that too much time has passed for the court to reconsider its prior order. A motion under Rule 60(b)(1) must be made within a reasonable time, and within a maximum time limit of one year after the final judgment, order or proceeding was entered or taken. See Rule 60(b). The order approving the stipulation was filed on March 20, 1998, and the order setting a hearing to reconsider that order was filed on October 23, 1998. Action was taken within the time limit and within a reasonable time. Thus, the court had authority to proceed.