In re Kevin M. STANTON and Maryann G. Stanton, Debtors.

Harrison Jewell, As Successor to International Factors, Inc., Appellant,

v.

Gregory A. Beeler, Ch. 7 Trustee; Irene O'Callaghan; Aaron Sabah; and Selma Sabah, Appellees.

BAP No. EW–99–1619–PRyMe. Bankruptcy No. 94–02481. Adversary No. A96–0169.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 23, 2000.

Decided May 3, 2000.

Sigurd B. Borgersen, Schwabe, Williamson & Wyatt, Seattle, WA, for Harrison Jewel.

Gregory Beeler, Trustee, Tri Cities, WA, Pro se Appellee.

Before PERRIS, RYAN, and MEYERS, Bankruptcy Judges.

## OPINION

RYAN, Bankruptcy Judge.

The chapter 7[1] trustee ("Trustee") brought this action to avoid a lien held by creditor International Factors, Inc. ("IFI")[2] on Kevin and MaryAnn Stanton's

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. All rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. Since this action was commenced, IFI has gone into receivership. A secured creditor, Harrison Jewell, has succeeded to the rights of IFI with regard to this matter. We will refer to the party as IFI.

("Debtors") residence (the "Property"). The lien secured both Debtors' guaranty of the debt of their corporation and the corporation's debt. The bankruptcy court entered summary judgment for Trustee and denied IFI's motion for summary judgment. The issue is whether Trustee can avoid a prepetition lien to the extent that it secures debts incurred postpetition by Debtors' corporation. The bankruptcy court held that he can. We REVERSE AND REMAND.

## I. FACTS

Debtors are the sole shareholders of Fleet Manufacturing Company, Inc. ("Fleet"). In April 1994, Fleet and IFI entered into a Recourse Factoring, Short Term Financing & Security Agreement (factoring agreement) under which IFI agreed to advance funds to Fleet for its operations, based on Fleet's invoices. Under the agreement, Fleet would assign accounts receivable to IFI, and IFI would advance to Fleet the amount of invoices assigned less a discount factor. IFI collected on the invoices and could seek recovery from Fleet for unpaid invoices.

Debtors guaranteed Fleet's performance under the factoring agreement. On July 28, 1994, Debtors also granted IFI a deed of trust on the Property in order to secure "any and all indebtedness of [debtors] herein and/or Fleet Manufacturing Company, Inc."

Debtors filed a chapter 11 petition on September 30, 1994. On that date, Fleet owed IFI $244,623.64. After Debtors filed bankruptcy, IFI continued to advance funds on Fleet's invoices and to collect on the invoices. Over the next few months, all invoices that related to prepetition advances were paid. However, because of the postpetition advances, the total balance owing to IFI increased.

In May 1996, Debtors' chapter 11 bankruptcy case was converted to chapter 7,

and Trustee was appointed. Trustee sold the Property, and IFI claimed a right to the proceeds of the sale based on Debtors' deed of trust. Trustee filed this action to avoid the lien.[3] Both parties filed motions for summary judgment. In a published decision, the court granted Trustee's motion and denied IFI's motion. *See Beeler v. Stanton (In re Stanton),* 239 B.R. 222 (Bankr.E.D.Wash.1999).

## II. ISSUES

A. Whether IFI's lien continued to secure postpetition advances.

B. Whether Trustee was entitled to a determination that the lien securing postpetition advances was invalid or could be avoided under §§ 549, 364, or 365.

C. Whether Trustee is entitled to attorney fees.

## III. STANDARD OF REVIEW

■ The panel reviews a bankruptcy court's decision to grant summary judgment de novo. *See Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.),* 163 F.3d 570, 578 (9th Cir. 1998).

## IV. DISCUSSION

IFI argues that its lien, based on a trust deed that was recorded prepetition, rides through the bankruptcy and therefore continues to secure the postpetition advances to Fleet. The trustee argues either that (1) the lien cannot secure postpetition advances or that (2) if it can, the lien can be avoided.

### A. *Postpetition Effect of the Lien.*

■ In order to resolve this issue, we return to basics. The commencement of Debtors' chapter 11 case created an estate, which was comprised of "all legal or equitable interests of the debtor in property as

---

**3.** The complaint contained claims for avoidance under §§ 544, 547 and 549, as well as a claim to determine that the claim of IFI against the estate is invalid. The issues of avoidance under §§ 364 and 365 arose during the summary judgment process.

of the commencement of the case." 11 U.S.C. § 541(a)(1). That estate included the Property. The estate took the asset subject to the existing liens, which included the lien created by the prepetition trust deed to IFI.

As a result of IFI's lien, IFI had a claim against Debtors and Debtors' estate. A "claim" is a "right to payment[.]" 11 U.S.C. § 101(5). A lien is a "charge against property to secure payment of a debt, which is a right to payment." *Colvin v. Petree (In re Dan Hixson Chevrolet Co.)*, 20 B.R. 108, 110 (Bankr.N.D.Tex. 1982). Section 102(2) provides that a " 'claim against the debtor' includes claim against property of the debtor[.]" 11 U.S.C. § 102(2). Thus, IFI's lien against the Property was a claim against Debtors.[4]

IFI argues that its lien continued to exist postpetition and to encumber the Property, which had become property of the estate, because under Washington law, a lien for future advances is effective as of the date of recording. Thus, according to IFI, its postpetition advances are secured by the Property, and it is entitled to receive the proceeds of the sale.[5]

IFI is correct that, under Washington law, a lien securing future advances is effective as of the date of recording, and its priority dates from the recording date. *See John M. Keltch, Inc. v. Don Hoyt, Inc.*, 4 Wash.App. 580, 483 P.2d 135, 137 (1971); WASH. REV. CODE § 60.04.226. Thus, IFI's lien against the Property was effective when it was recorded, which was before Debtors filed bankruptcy. Absent some bankruptcy law to the contrary, the lien would be effective to secure postpetition advances to Fleet. The question posed in this appeal is whether §§ 549, 364, or 365 preclude the postpetition encumbrance.[6]

### B. *Trustee Was Not Entitled to Avoid the Lien Under §§ 549, 364, or 365.*

Although under state law, IFI's lien continued to secure postpetition advances, bankruptcy law provides the trustee with powers to avoid liens under certain circumstances. Bankruptcy law also limits postpetition transactions that affect estate property. If federal bankruptcy law allows avoidance of the lien for postpetition advances or precludes the incurring of postpetition debt, federal law supersedes the conflicting state law. *See Dunkley v. Rega Properties, Ltd. (In re Rega Properties, Ltd.)*, 894 F.2d 1136, 1139 (9th Cir.1990)(bankruptcy courts have power to

4. IFI argues that, as a result of Debtors' bankruptcy discharge, its claim is now nonrecourse with regard to Debtors. IFI is correct that it can look only to the property subject to the lien to satisfy the debt. *See Dan Hixson Chevrolet Co.*, 20 B.R. at 111; *see also Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)(mortgage for which the debtor's personal liability had been discharged was still a claim); *Marshall v. Farm Credit Bank (In re Marshall)*, 108 B.R. 195, 197–98 (Bankr.C.D.Ill.1989) (lender had claim against the debtors, which could be satisfied only out of the debtors' property, where property encumbered to secure debt of third party). However, the fact that the claim is nonrecourse does not answer the question of whether that claim includes postpetition advances to a third party.

IFI also argues that the court erred in relying on *Transamerica Commercial Fin. Corp. v. Citibank, N.A. (In re Sun Runner Marine, Inc.)*, 945 F.2d 1089 (9th Cir.1991), because that case dealt only with the creditor's rights against the debtor rather than rights against the debtor's property. The bankruptcy court discussed the *Sun Runner Marine* case in connection with its executory contract analysis. It did not rely on that case in determining whether IFI had a continuing lien on the Property.

5. IFI argues that the prepetition/postpetition distinction does not apply to its dealings with Fleet, because Fleet was not in bankruptcy. That is true. However, the distinction does apply to IFI's claim against Debtors as a result of its lien on the Property.

6. As we explain more fully in note 12, *infra*, the complaint alleges other bankruptcy law reasons why the lien is void or voidable with respect to the postpetition advances. The bankruptcy court has not yet considered those matters, so they are not before us in this appeal.

supersede state law where it conflicts with federal bankruptcy law).[7]

## 1. *Section 549.*

■ The bankruptcy court concluded that the postpetition encumbrance of property of the estate constituted a postpetition transfer of property of the estate, and was therefore avoidable under § 549. That section provides that the trustee may avoid a postpetition transfer of property of the estate if that transfer is not authorized by the Code or by the court. Because there is no dispute that the transfer was not authorized, the court held that the trustee could avoid the additional encumbrance that resulted from postpetition advances.

There is authority for the proposition that the postpetition increase in encumbrances on estate property is a transfer of estate property that is avoidable under § 549. *See, e.g., Snyder v. Dewoskin (In re Mahendra)*, 131 F.3d 750, 755 (8th Cir. 1997)(lien for postpetition advances avoidable under § 549); *Brandt v. 440 Assocs. (In re Southeast Banking Corp.)*, 150 B.R. 833, 834 (Bankr.S.D.Fla.1993)(postpetition recording of lien on property of estate avoidable under § 549).

■ However, the Ninth Circuit has held to the contrary. Under Ninth Circuit authority, the postpetition creation of a lien on property of the estate is not a transfer of property for purposes of § 549. *See Thompson v. Margen (In re McConville)*, 110 F.3d 47, 49 (9th Cir.1997); *Schwartz v. Schwartz (In re Schwartz)*, 954 F.2d 569, 574 (9th Cir.1992); *Phoenix Bond & Indem. Co. v. Shamblin (In re Shamblin)*, 890 F.2d 123, 127 (9th Cir. 1989). If the creation of a lien is not a transfer of property, then the further encumbrance of estate property based on a prepetition lien cannot be a transfer either. Based on the controlling authority in this circuit, the bankruptcy court erred in concluding that the lien could be avoided under § 549.[8]

## 2. *Section 364.*

■ The court also concluded that the deed of trust did not secure postpetition advances to Fleet, because the advances were not approved as required by § 364(c).

Section 364 governs the obtaining of credit or incurring of debt by a trustee[9] and sets forth the incentives that may be offered to induce potential lenders to extend postpetition credit. *See Sun Runner Marine*, 945 F.2d at 1092. The trustee or debtor in possession can obtain unsecured credit as an administrative expense pursuant to either § 364(a) or § 364(b). Although § 364(a) applies only if the trustee

**7.** IFI argues in passing that denying its rights against the Property would be an unconstitutional taking of property without due process of law, citing *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). In that case, the Supreme Court held that applying a provision of the Bankruptcy Act retroactively to deprive a creditor of substantive rights it had acquired before the Act constituted a taking of property without just compensation, in violation of the Fifth Amendment. Since the *Louisville* case was decided, "courts have uniformly held that the impairment, or even the avoidance, of a secured creditor's rights by the Bankruptcy Code does not constitute an unconstitutional taking under the Fifth Amendment when the security interest arose after the enactment of the Code." *Shearson Lehman Mortgage Corp. v. Laguna (In re Laguna)*, 114 B.R. 214, 219 (9th Cir. BAP 1990), *aff'd*, 944 F.2d 542 (9th Cir.1991). Here, IFI's security interest in the

Property arose in 1994, after the enactment of the Bankruptcy Code. Therefore, the avoidance of that lien is not an unconstitutional taking under the Fifth Amendment.

**8.** We also note that even if there were a transfer of property, that transfer did not occur postpetition. Washington law provides that a lien that secured future advances is effective as of the date of recording and that its priority dates from the recording date. *See John M. Keltch, Inc.*, 483 P.2d at 137.

**9.** Under § 1107(a), "a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

or debtor in possession is authorized to operate the debtor's business, § 364(b) contains no such limitation. Section 364(b) simply requires the trustee to seek court authorization to obtain unsecured credit or incur unsecured debt other than in the ordinary course of business. *See* 11 U.S.C. § 364(b).

If the trustee is unable to obtain unsecured credit on an administrative expense basis, then § 364(c) provides three different incentives that a trustee can offer lenders to induce them to extend postpetition credit. *See Sun Runner Marine,* 945 F.2d at 1092. Specifically, § 364(c) permits the trustee to seek court authorization to obtain credit or incur debt (1) with priority over other administrative expenses, (2) secured by a lien on property of the estate not otherwise subject to a lien, or (3) secured by a junior lien on property of the estate that is already subject to a lien. *See* 11 U.S.C. § 364(c). If the trustee is unable to obtain credit under one of the first three subsections, then § 364(d) allows the trustee to obtain credit or incur debt secured by a "senior or equal lien on property of the estate that is subject to a lien," but only if the trustee cannot otherwise obtain credit and adequate protection is given to the junior lienholder. 11 U.S.C. § 364(d).

Here, the bankruptcy court held that § 364(c) required Debtors to obtain court authorization to further encumber the Property and therefore avoided the lien. In order to determine the applicability of § 364(c), we must first examine the plain language of the statute. *See United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)(stating that "where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms' ") (citation omitted).

Section 364(c) provides that

[i]f the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt-

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

(2) secured by a lien on property of the estate that is not otherwise subject to a lien;

(3) secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c). The introductory phrase of this subsection speaks in terms of a trustee seeking unsecured credit in a situation where the trustee is unable to obtain unsecured credit under subsections (a) or (b). *See* H.R. REP. NO. 95–595, 95th Cong., 1st Sess. at 346–47 (1977) *reprinted in* C L. KING, COLLIER ON BANKRUPTCY App. Pt. 4(d)(i), at 4–1480 (15th ed. rev.1999). Here, Debtors, in their role as trustee, were not seeking to obtain credit or incur debt. Indeed, the factoring agreement between IFI and Fleet and the perfection of IFI's lien rights had all occurred prepetition. Therefore, IFI's postpetition advances to Fleet did not constitute the extension of credit to Debtors or the incurrence of debt by Debtors. Instead, IFI provided credit to Fleet, which effectively increased the encumbrance on the Property in accordance with IFI's contractual rights and perfected lien on the Property. Thus, IFI's advances to Fleet are outside the scope of § 364(c).[10]

The bankruptcy court voided IFI's lien on postpetition advances to Fleet because Debtors failed to get court approval under § 364(c). However, because Debtors were not seeking credit in connection with their bankruptcy case and neither IFI nor Fleet

---

**10.** Were we to apply § 364(c) to Fleet's receipt of credit, we would be treating Debtors and Fleet as one entity and giving the estate the benefit of piercing the corporate veil without any of the burdens. We do not believe that this is consistent with the intended purpose of § 364(c).

had the right to bring a § 364(c) request as a trustee, no § 364(c) motion was appropriate under these circumstances.

In sum, because Debtors did not obtain credit and did not incur debt postpetition, the bankruptcy court erred in holding that § 364(c) required Debtors to obtain court authorization for the postpetition extensions of credit by IFI to Fleet that resulted in a further encumbrance of the Property. However, as discussed later herein, other provisions of the Code may appropriately apply with respect to the validity of IFI's lien.

### 3. *Section 365.*

The bankruptcy court concluded that the three agreements, the factoring agreement, guaranty, and trust deed, together made up a "secured guaranty" that was an executory contract subject to the provisions of § 365. Section 365 provides for the assumption or rejection of executory contracts and sets out consequences of either action. The court held that the secured guaranty was a contract for a financial accommodation, which cannot be assumed. *See* 11 U.S.C. § 365(c)(2).[11] As a result, the court concluded that there was no legal basis for encumbering estate assets with postpetition debt.

IFI argues that the trust deed should be considered separate from the factoring agreement and guaranty and that the trust deed is not an executory contract.

■■■■ The court erred in holding that the three agreements constituted an executory contract that could not be assumed. First, it is not clear why the court treated the three agreements as one. Contracts that are part of a single transaction may constitute one executory contract. If,

however, the agreements can be "disaggregated" from each other, each contract should be considered separately for purposes of applying the provisions of § 365. *See Pacific Express, Inc. v. Teknekron Infoswitch Corp. (In re Pacific Express, Inc.),* 780 F.2d 1482, 1486 (9th Cir.1986). The bankruptcy court did not explain why the trust deed could not be disaggregated from the guaranty and factoring agreement. In fact, the trust deed can stand alone as a separate agreement. As a separate agreement, it does not have unperformed duties on either side and is therefore not an executory contract. *Id.* at 1487.

■■■■ Second, even if the agreements are considered together as one executory contract, the court erred in concluding that it was a financial accommodation that could not be assumed. "Financial accommodations" are defined as "the extension of money or credit to accommodate another." *Sun Runner Marine, Inc.,* 945 F.2d at 1092. Even assuming that Debtor's guaranty of Fleet's obligations and the giving of security for that guaranty are financial accommodations, they are not financial accommodations "to or for the benefit of the debtor," as required by § 365(c)(2). The accommodation is for the benefit of Fleet, not for the benefit of Debtors. Therefore, the agreements do not fit within the statutory exception set out in § 365(c)(2).

### 4. *Validity of the lien under § 506(d).*

IFI argues that its lien should have passed through bankruptcy because there has not been a claims allowance process under § 502 and therefore a determination of lien status under § 506(d).[12] The bank-

---

**11.** Section 365(c)(2) provides that the trustee may not assume any executory contract if "such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor[.]" 11 U.S.C. § 365(c)(2).

**12.** Section 506(d) provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such claim is void, unless -
 (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

ruptcy court did not address the validity of the lien under § 506(d), and we will not make a determination about that issue for the first time on appeal. The complaint included a claim seeking a declaration that IFI's claim against the estate is invalid. This, in essence, is an objection to IFI's claim, *see* FED.R.BANKR.P. 3007, putting before the court the issue of whether IFI has an allowed claim and, if so, the extent to which the claim is secured and unsecured. *See Laskin v. First Nat'l Bank of Keystone (In re Laskin)*, 222 B.R. 872, 875 (9th Cir. BAP 1998); *State of Oregon v. Lange (In re Lange)*, 120 B.R. 132, 135 (9th Cir. BAP 1990). On remand, the court should consider IFI's arguments under §§ 502 and 506(d), as well as the other claims that remain unresolved.[13]

#### 5. *Conclusion regarding avoidance or validity of lien.*

The bankruptcy court erred in holding that IFI's lien is avoidable under § 549 and that the postpetition encumbrance on estate property is unenforceable because of a lack of court approval under § 364, or because the encumbrance arose from an executory contract that could not be assumed under § 365. Therefore, the summary judgment for the trustee will be reversed, and the case remanded for further proceedings. We will not order the court to enter an order granting summary judgment to IFI on any specific claim, because there are still claims to be resolved, and the motions for summary judgment simply sought a judgment determining the validity of the lien.

#### C. *Trustee Is Not Entitled to Attorney Fees Because He Did Not Prevail on Appeal.*

In his brief, Trustee requests attorney fees, based on the trust deed and Washington law. Because Trustee did not prevail on appeal, he cannot be entitled to attorney fees.[14]

### V. CONCLUSION

The bankruptcy court erred in holding that Trustee is entitled to avoid IFI's lien securing postpetition advances to Fleet under § 549 and that the lien is unenforceable (1) for lack of court approval under § 364 and (2) because it arose out of an executory contract that cannot be assumed under § 365. Accordingly, we REVERSE AND REMAND.

PERRIS, Bankruptcy Judge, dissenting.

I agree with the majority that neither § 549 nor § 365 supports the bankruptcy court's decision in this case. However, because I conclude that § 364(c) required Debtors in possession to obtain approval for incurring secured debt postpetition, I dissent.

---

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d).

**13.** The summary judgment order on appeal does not deal with the trustee's complaint under §§ 544 and 547 or with the validity of the lien under § 506(d).

As the bankruptcy court noted, the determination of whether the claim should be allowed and, if so, the extent to which it is secured or unsecured, is made as of the date of the bankruptcy petition. *See* 11 U.S.C. § 502(a). Under § 506(b), if a creditor is oversecured, the secured claim includes the prepetition debt plus postpetition interest,

reasonable fees, costs and charges provided under the agreement creating the claim. There is nothing in § 506(b) that would support including other items as part of the allowed claim.

Once the amount of the allowed secured claim is determined, the court must consider whether that claim has been satisfied through other means, such as the creditor's use of other collateral to pay the debt. If so, the allowed secured claim will have been satisfied.

We make no determination as to the impact, if any, of § 348(d) on this analysis.

**14.** We express no opinion about whether Trustee would be entitled to fees if he had prevailed on appeal, or if he ultimately prevails in this litigation.

The issue on which I differ from the majority is whether the additional encumbrance on Debtors' Property that resulted from postpetition advances by IFI to Fleet constituted the incurring of secured debt by Debtors postpetition. If, as I conclude, it does, then § 364(c) required Debtors to obtain court approval for the further encumbrance.

Subsection 364(c) provides that the trustee or debtor in possession may obtain secured credit or incur secured debt only with court approval. The majority says that Debtors did not incur any debt, because IFI made its advances to Fleet and not to Debtors. That conclusion cannot be reconciled with the clear language of the Bankruptcy Code. Under the Bankruptcy Code, "debt" is defined as "liability on a claim." 11 U.S.C. § 101(12). A claim is a "right to payment." 11 U.S.C. § 101(5). A lien is a right to payment, *Colvin v. Petree (In re Dan Hixson Chevrolet Co.)*, 20 B.R. 108, 110 (Bankr.N.D.Tex.1982), and therefore is a claim. A claim against a debtor includes a claim against the debtor's property. 11 U.S.C. § 102(2). Because a lien is a claim, further encumbering property of the debtor constitutes the incurring of debt by the debtor. And, applying § 102(2), the liability of Debtors' Property for Fleet's debt also constitutes a debt of Debtors, regardless of what entity obtained the benefit of the advances.

The majority seems to recognize that, if the loan from IFI were made to Debtors and not to Fleet, § 364(c) would apply and require court approval for postpetition advances. Because a claim against property of the debtor is a claim against the debtor, there is no basis for distinguishing between a loan made to the debtor secured by estate property and a loan made to a third party secured by that same estate property.

The majority also says that the incurring of debt through additional encumbrances on Debtors' Property caused by IFI's postpetition advances to Fleet is not a postpetition debt. The majority reasons that, under Washington law, a lien securing future advances is effective as of the date of recording of the lien and its priority dates from the recording. Therefore, because the factoring agreement was entered into and the lien was perfected prepetition, any encumbrance that arises as a result of the perfected lien must also be deemed to have occurred prepetition.

In my view, that reasoning misses the point. Section 364(c) prohibits the dissipation of the equity in property of the estate through the incurring of secured debt without court approval, thereby preserving the estate for the benefit of all creditors. Thus, the issue is not whether the debt will be considered a prepetition or postpetition claim. The issue is whether the debt was *incurred* postpetition, *i.e.* whether the liability arose postpetition, because the taking on of additional debt postpetition results in the dissipation of the estate to the detriment of the other creditors.

It is irrelevant for our purposes that a contingent prepetition claim existed with respect to the postpetition loan. Section 364(c) covers the incurring of any secured debt by the estate. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. at 346 (1977), U.S.Code Cong. & Admin. News p. 5963, *reprinted in* C L. King, *Collier on Bankruptcy* App. Pt. 4(d)(i), at 4–1480 (15th ed. rev.1999). A debt is incurred for purposes of § 364(c) when it is based on postpetition advances, other than the advances specifically recognized by § 506(b),[15] that are secured by property of the estate.

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees,

15. IFI's postpetition advances did not include certain postpetition items that can be included in a secured claim. Subsection 506(b) expressly recognizes that postpetition interest, attorney fees and charges can, in certain circumstances, be secured. Subsection 506(b) provides:

There is no question that, in this case, the advances at issue were made postpetition. The additional encumbrance on Debtors' Property constituted the postpetition incurring of a debt, which dissipated the assets of the estate. Debtors did not obtain court authorization to allow their Property to be further encumbered. As a result, the trustee is entitled to avoid the lien to the extent it purports to secure postpetition advances to Fleet.

The majority says that, if § 364(c) applies to Fleet's receipt of credit, the result is that Fleet and Debtors are treated as one, and the estate is given the benefit of piercing the corporate veil without its burdens. Majority Memorandum at 11 n. 10. There is no piercing the corporate veil here. IFI agreed to secure its future advances to Fleet with assets that did not belong to Fleet. Far from piercing the corporate veil, my approach simply holds IFI to the consequences of the agreement into which it entered.

IFI was in a position to protect itself. The factoring agreement specifically provided that IFI was "not obligated to buy any account[.]" Factoring Agreement ¶ 5.3. Debtors listed IFI in their schedules as a secured creditor, so IFI would have been notified of the bankruptcy filing. As a result, it would have had notice that Debtors' residence, which provided a portion of the collateral for the purchase of accounts, was now under the authority of the bankruptcy court. IFI continued to purchase accounts without bankruptcy court approval, further encumbering Debtors' residence, at its own risk.

The bankruptcy court was correct in concluding that Debtors could not further encumber property of the estate without the approval of the bankruptcy court. I would hold that the bankruptcy court did not err in holding that IFI's lien does not secure postpetition advances, and that IFI is not entitled to share in the proceeds of

the residence to repay postpetition advances.[16]

Accordingly, I dissent.

---

costs, or charges provided for under the agreement under which such claim arose.

16. The issue of whether or not IFI has an allowable claim as a result of the postpetition advances is not before us.