THE BROADWAY BANK OF KANSAS CITY, *Respondent,* v.
GEO. H. WHITTAKER *et al., Appellants.*[1]

*Gus L. Thacker,* for appellants.

*Don G. Abel,* for respondent.

GERAGHTY, J.—This appeal is from a judgment in
favor of the respondent upon a promissory note exe-
cuted by appellants.  The note bore date November 6,
1931, and was payable thirty days after date to the
order of L. A. Savidge.  The note was indorsed in
blank by the payee, Savidge, and delivered to O. W.
Ament, who, on November 12, 1931, delivered it to re-

[1]Reported in 30 P. (2d) 993.

spondent bank, with other notes, as collateral for a loan of two thousand dollars, evidenced by his own note. When the Ament note became due in April, 1932, he paid respondent one thousand dollars, and gave his renewal note for the other one thousand dollars, payable thirty days after date. The bank retained the collateral, including appellants' note, to secure payment of Ament's renewal note. Ament defaulted in the payment of this note, and respondent sold the collateral held by it, including appellant's note, becoming itself the purchaser, for the amount due on Ament's note. Thereafter, this suit was brought.

Appellants filed an answer to respondent's amended complaint, alleging fraud by Savidge in procuring the execution of the note by them, and knowledge of the fact by respondent. No evidence was offered at the trial in support of these allegations, but it was stipulated by the parties in open court that, if respondent was found to be a holder in due course, it would be entitled to judgment, and if not a holder in due course, then appellants' defense of fraud should prevail.

Appellants in their brief seek to sustain their contention that respondent was not a holder in due course upon three grounds. They first urge that the pledge of their note to the respondent was irregular, because the note was not indorsed by Ament. His indorsement was not necessary. The note was made payable to the order of L. A. Savidge. Savidge indorsed it in blank, thereby making it payable to bearer, and title could thereafter pass by delivery.

"An indorsement in blank specifies no indorsee, and an instrument so indorsed is payable to bearer, and may be negotiated by delivery." Rem. Rev. Stat., § 3425.

■ The appellants next urge that, even though the respondent became a holder in due course when taking the note as collateral in the first instance, Ament's debt was, in effect, extinguished by the payment of one thousand dollars and the giving of the renewal note in April, 1932, and a new debt created; and that, in the meantime, respondent having become charged with notice of the fraud in the execution of the note, it was not a holder in due course in respect of the renewal note. This contention is without merit. The renewal note evidenced the part of the original debt not paid, and respondent's status as a holder in due course was not changed. The renewal note did not create a new debt. *Brown v. Marion National Bank,* 169 U. S. 416, 18 S. Ct. 390.

■ It is finally urged by appellants that it will be presumed respondent purchased the note at a judicial sale, and they cite cases to the effect that a purchaser at a judicial sale is not a *bona fide* purchaser. The only evidence in the record in relation to the sale is the testimony of respondent's cashier to the effect that, when Ament defaulted in payment, respondent sold the collateral it held, including the note here in suit, pursuant to the terms of his note. The purpose of the sale of the collateral was to toll the rights of Ament. A sale was not necessary as a prerequisite to a suit upon the note by respondent. As pledgee, it had the right at any time after the due date of their note to sue appellants. 49 Corpus Juris 1020.

The trial court properly found respondent to be a holder in due course of the note sued upon, and the judgment will be affirmed.

BEALS, C. J., BLAKE, TOLMAN, and MITCHELL, JJ., concur.