■ JOHN E. FLYNN, Appellant, v. JACK R. DICK et al., Respondents.— Order entered on December 15, 1960, modifying order of the City Court of the City of New York and granting defendants' motion for summary judgment, unanimously reversed, on the law, and on the facts, with costs in this court and in the Appellate Term, and defendants' motion for summary judgment denied. There was no appeal by plaintiff from the order of the City Court denying his motion for summary judgment, and we do not determine, whether or not, on the facts presented, he should have been granted summary judgment by the City Court. (See *New York Cent. R. R. Co.* v. *Beacon Milling Co.*, 293 N. Y. 218.) This determination is without prejudice to renewal of his motion. The note of the defendants Jack Dick and his wife Lynda Dick was given to plaintiff to secure him for a sum equal to the amount advanced by him in connection with the purchase and holding of certain shares of stock for the joint account of the plaintiff and the defendant Jack Dick. Given as it was to secure an advance of money, to be returned to plaintiff in any event, and being by its terms payable on demand, the note would appear to be presently enforcible. The sale of the stock held in the joint account with the establishment of a loss, or the settlement of accounts between the parties as alleged joint venturers, does not appear to have been agreed upon as a condition precedent to the enforcement of the note. In any event, the general rule is that where a note or other chose in action is given as collateral security, the holder has the privilege of enforcing the same when due according to its terms, whether or not the principal debtor's obligation has yet matured. " The fact that the debt for which the instrument is pledged is not due does not prevent the pledgee from

suing upon the instrument when it becomes due, although he has no right to apply the proceeds to the payment of his debt until after default by the pledgor." (8 Am. Jur., Bills and Notes, § 939, pp. 552, 553; see, also, *Central Nat. Bank of Cleveland* v. *Mills,* 62 Ohio App. 413; *Pelonsky* v. *Wattendorf,* 255 Mass. 558; *Broadway Bank of Kansas City* v. *Whittaker,* 177 Wash. 62.) Furthermore, there is a showing by the plaintiff of breach of conditions of the alleged agreement by defendant Jack Dick entitling plaintiff forthwith to a return of the money advanced. The defense of usury is unavailing to the defendants. The note is not invalid by reason of the provision thereof calling for the payment of interest in excess of 6% "after maturity" (see 91 C. J. S., Usury, p. 610; *Florida Land Holding Corp.* v. *Burke,* 135 Misc. 341, affd. 229 App. Div. 853). Concur — Botein, P. J., Breitel, McNally, Eager and Bastow, JJ. [27 Misc 2d 547.]