JOHN M. KELTCH, INC., *Appellant,* v. DON HOYT, INC., *et al.,*
*Defendants,* OLD NATIONAL BANK OF WASHINGTON,
*Respondent.*

*Butler & Heye* and *George C. Butler,* for appellant.

*Olson & Olson* and *Orville B. Olson,* for respondent.

EVANS, J.—John M. Keltch, Inc. brought this action to
foreclose a mechanic's lien. Old National Bank of Washing-
ton counterclaimed, asserting that it held a prior mortgage
which constituted a paramount lien. Old National Bank
held the mortgage under assignment from the Bank of
Richland, which in turn had held it under assignment from
the original mortgagee, Pacific Investment Company. The
trial court found the mortgage lien of Old National Bank

superior to the mechanic's lien of Keltch, and from that judgment Keltch appeals. Other lien claimants were involved in this litigation at the trial court level; however, their claims are not material to this appeal.

The sole issue presented is whether the facts of this case require application of the general rule that a mortgage for future advances becomes an effective lien as to subsequent encumbrances from the time of its recordation, rather than from the time when each advance is made. We hold they do.

The facts giving rise to this issue are as follows: In 1963 Don Hoyt, Inc. acquired land in Kennewick, Washington, platted as North Ridge Park. Hoyt planned to construct homes for sale to the public. To finance the development Hoyt signed a note for $80,000 payable to Pacific Investment Company, secured by a lump sum mortgage in that amount. The mortgage was recorded on June 21, 1963.

On July 7, 1963 Keltch entered into a contract to install a sewer system in North Ridge Park. As of that date mortgage money in the sum of $34,900 had been advanced by Pacific to Hoyt. Upon completion of its contract, and being unable to obtain payment, Keltch recorded its lien claim on November 18, 1963 and thereafter, on March 5, 1964, filed a lis pendens in connection with the present foreclosure action.

On February 3, 1964, unknown to Keltch, Pacific assigned the Hoyt mortgage to the Bank of Richland to serve as collateral for a line of credit to be extended by the Bank of Richland to Pacific. At that time the Bank of Richland advanced $75,000 to Pacific under the line of credit, and subsequently Pacific advanced to or for the account of Hoyt the entire sum called for in the mortgage. The assignment from Pacific to Bank of Richland was not recorded until September 24, 1965. The Bank of Richland assigned the mortgage to Old National Bank on August 19, 1966.

When the present lien foreclosure action was commenced by Keltch in 1964 the named defendants were Hoyt and Pacific (the additional defendants, including Old National

Bank, were added by an amended complaint in 1967). In June, 1964, while the lien foreclosure action between the parties to the original action was pending, Keltch entered into a written agreement with Hoyt and Pacific, whereby Keltch agreed to "refrain from" its lien foreclosure to permit the realization of cash from lot sales to pay Keltch and other creditors. By terms of the agreement Pacific guaranteed Hoyt's promise to pay the Keltch claim, and Keltch agreed to release its lien to individual lot buyers and to release its lis pendens then of record. The release of lis pendens was recorded in July, 1964. The release recited that the earlier lis pendens "has been satisfied and the auditor of Benton County is authorized and directed to discharge said lis pendens of record". However, the written agreement of June, 1964 between Keltch, Hoyt and Pacific was not recorded until August 26, 1966. Old National Bank claimed neither it nor the Bank of Richland had any knowledge, either actual or constructive, of the June, 1964 agreement until 1967 when Old National Bank was made a party to this action.

The trial court held the mortgage lien of Old National Bank was effective as to the subsequent mechanic's lien of Keltch from the date of its recordation in the full amount of the mortgage. Keltch, on appeal, contends that the lien of *Old National Bank* has priority only as to advances actually made to Hoyt prior to the time Keltch commenced work on the property.

Mortgages to secure future advances have been recognized in this state for many years. *Home Sav. & Loan Ass'n v. Burton,* 20 Wash. 688, 56 P. 940 (1899); *Heal v. Evans Creek Coal & Coke Co.,* 71 Wash. 225, 128 P. 211 (1912); *Eltopia Fin. Co. v. Colley,* 126 Wash. 554, 219 P. 24 (1923), and most recently, *American Sur. Co. v. Sundberg,* 58 Wn.2d 337, 363 P.2d 99 (1961).

In *Home Sav. & Loan Ass'n v. Burton, supra,* the court at page 699 adopted the following language from *Tapia v. Demartini,* 77 Cal. 383, 19 P. 641, 643 (1888):

"It is firmly settled by a long line of decisions that a

mortgage, made in good faith to cover future advancements, is valid, not only as between the immediate parties to the instrument, but as against subsequent purchasers or encumbrancers, if properly recorded."

It is also well established that a priority once acquired by the recording of a mortgage is not lost because one holds it under an unrecorded assignment. In this regard the court stated in *Miller v. Fryberg,* 119 Wash. 243, 205 P. 388 (1922), quoting Jones on Mortgages (7th ed.), § 525, at 828:

"Priority once obtained cannot be lost. The registry of a deed or mortgage is equivalent to a notice of it to all persons who may subsequently become interested in the property, and fully protects the grantee's rights. A mortgage having once obtained priority by record does not lose its place by being held by anyone under an unrecorded assignment. And although the mortgagee had notice of a prior unrecorded mortgage, or there are equities such that his own mortgage is in his hands subject to them, yet if he assigns his mortgage for a valuable consideration to one who has no notice of the earlier mortgage or of such equities, the assignee is entitled to hold the mortgage as a prior lien upon the land, solely upon the ground that it was first recorded. . . .

"This precedence follows them through any subsequent transfer, or through any proceedings to enforce the liens . . ."

Appellant Keltch contends, however, that the general rules relating to future advances set forth in the above cited cases do not control in the present instance because the advances made under the Hoyt-Pacific mortgage were optional with the mortgagee. Its authority for this contention is *Elmendorf-Anthony Co. v. Dunn,* 10 Wn.2d 29, 36, 116 P.2d 253, 138 A.L.R. 558 (1941), where the court adopted the following statement from 5 A.L.R. 398:

"By the weight of authority, a mortgage for future advances becomes an effective lien . . . as to subsequent purchasers and encumbrancers, from the time of its recordation, rather than from the time when each advance is made, where the making of the advances is *obligatory* upon and not merely optional with the mortgagee."

In *Cedar v. W. E. Roche Fruit Co.*, 16 Wn.2d 652, 134 P.2d 437 (1943), the court held that where a mortgage provides for optional future advances by the mortgagee, those optional advances are subject to an intervening encumbrance if made with notice of that encumbrance; and in determining whether future advances are optional or obligatory, advances are mandatory where the mortgagee is contractually bound to make future advances. *Cf.* 80 A.L.R.2d 191-203 (1961).

As already noted, the Hoyt-Pacific mortgage was for the lump sum of $80,000. The mortgage does not specifically provide for advance payments within that limit but the evidence is undisputed that mortgage money was in fact advanced as the development work progressed. In this respect no error is assigned to the court's finding of fact 3 as follows:

> Don Hoyt, Inc. was financed in this development by the defendant, Pacific Investment Company of Vancouver, Washington, which had given a commitment to advance funds in the amount of $80,000 on a mortgage. The mortgage money was to be advanced as the development work progressed.

We are unable to find anything in the record to support the contention of Keltch that future advances to Hoyt were optional with the mortgagee. On the contrary, the record is clear that the mortgagee was required to make advances as the development work progressed. Future advances being obligatory, the mortgage lien of Old National Bank was effective from the date of its recordation in the face amount of the mortgage. *Home Sav. & Loan Ass'n v. Burton, supra; Elmendorf-Anthony Co. v. Dunn, supra.*

In view of our holding that the future advances were obligatory it is unnecessary to consider appellant's assignment of error to the trial court's finding of fact 11 to the effect that the agreement of June 26, 1964 between Keltch and Pacific was unknown to old National Bank or Bank of Richland. Suffice it to say, we find no evidence in the record to indicate that either the Bank of Richland or Old

National Bank at any time participated in the agreement of June 26, 1964 or had any knowledge, either actual or constructive, of that agreement until after it was recorded in August, 1966.

■ Keltch next contends that even if the bank had priority it is estopped to assert it by reason of the June 26 agreement between Keltch and Pacific. This contention, of course, rests upon the assumption that there is evidence Old National Bank had knowledge of that agreement. We have held otherwise. In any event, the defense of estoppel was not affirmatively pleaded as required by CR 8(c). A contention not presented to the trial court cannot be raised for the first time on appeal. *State Farm Mut. Auto. Ins. Co. v. Phillips,* 2 Wn. App. 169, 467 P.2d 189 (1970).

■ Keltch next contends that since Old National Bank did not foreclose its pledge it never became owner of the Hoyt mortgage and therefore was not a party entitled to seek its foreclosure. We cannot agree. The rule is that where a chose in action is pledged the pledgee may proceed to enforce the underlying obligation without the necessity of foreclosing upon the interest of the pledgor. *Hodge v. Truax,* 184 Wash. 360, 51 P.2d 357, 103 A.L.R. 420 (1935); *Broadway Bank v. Whittaker,* 177 Wash. 62, 30 P.2d 993 (1934); *Hillman v. Stanley,* 56 Wash. 320, 105 P. 816 (1909).

Affirmed.

MUNSON, C.J., and GREEN, J., concur.