2013 JUN -3 AM 10: 03



## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SCOTTY'S GENERAL
CONSTRUCTION, INC., a Washington
corporation,

            Respondent,

      v.

GLORIA PAZOOKI and SIAVOOSH
PAZOOKI, husband and wife and the
marital community comprised thereof;
OMIED RYAN PAZOOKI and JANE DOE
PAZOOKI, husband and wife and the
marital community comprised thereof;
WMC MORTGAGE CORP., a California
corporation; CENTRALBANC
MORTGAGE CORP., a California
corporation; IRA FARAMARZI and
PEADOR FARAMARZI, husband and
wife and the marital community
comprised thereof,

            Appellants.

No. 68177-0-I

DIVISION ONE

UNPUBLISHED

FILED: June 3, 2013

Cox, J. — Whether a trial court should set aside a default judgment is a question addressed to the sound discretion of that court.[1] White v. Holm sets forth the factors that generally guide the court's exercise of that discretion.[2]

Here, WMC Mortgage Corp. fails to show the existence of any of the factors required by White to vacate a default judgment. Moreover, WMC fails to

---

[1] White v. Holm, 73 Wn.2d 348, 351, 438 P.2d 581 (1968).
[2] Id. at 352.

show the existence of any of the reasons for setting aside a default judgment under either CR 60(b)(9) or (11), on which it relies. This appeal is frivolous because it presents no debatable issues upon which reasonable minds might differ, and it is so devoid of merit that there is no possibility of reversal.[3] We affirm the denial of WMC's motion to set aside the default judgment and impose sanctions against it for a frivolous appeal.

The material facts are undisputed. In 2005, Gloria Pazooki obtained a loan from WMC for $332,500. The loan was evidenced by a promissory note that was secured by a deed of trust. The deed of trust was recorded on June 7, 2005.

In 2007, Gloria Pazooki and her husband contracted with Scotty's General Construction Inc. for renovation and construction work on the property that was subject to WMC's prior recorded deed of trust. Scotty's commenced work on this property in May 2007. The Pazookis failed to pay the contract balance owed to Scotty's.

Based on the failure to pay, Scotty's recorded its mechanics and materialman's lien and timely commenced its lien foreclosure action against the property. The complaint named WMC and other defendants on the basis that they claimed interests in the same property.

Scotty's served WMC with copies of the summons and complaint. WMC then notified Goldman Sachs & Co. of the lien foreclosure action because, according to WMC's records, Goldman Sachs had purchased WMC's promissory

---

[3] Tiffany Family Trust Corp. v. City of Kent, 155 Wn.2d 225, 241, 119 P.3d 325 (2005).

note and deed of trust. WMC's letter warned Goldman Sachs that WMC would "not take any further action in connection with the enclosed matter . . . [and] that in the event WMC" incurred any costs in connection with the suit, WMC would seek indemnity and contribution from Goldman Sachs.[4]

WMC failed to appear in Scotty's foreclosure action. The trial court consequently entered an order of default against WMC.

Between the entry of the order of default and the judgment, Scotty's discovered that WMC had assigned the deed of trust to Deutsche Bank in 2010. Scotty's did not join Deutsche Bank to the lien foreclosure action.

In August 2010, the trial court entered judgment for Scotty's in the lien foreclosure action. The judgment provided, in part:

> ORDERED, DECREED, and ADJUDGED that Scotty's General Construction, Inc. shall be entitled to foreclosure of its lien as against the subject property **and as against the interest of each of the Defendants**, and as against any right, title and interest acquired by and person subsequent to May 7, 2007, by sale and in the manner prescribed by law, and with application of the proceeds thereof to the payment of such lien, interest, attorney's fees and costs.[5]

Over a year after the entry of the final judgment and more than two years after entry of the order of default, WMC moved to set aside the default and vacate the judgment on the basis of CR 60(b)(9) and (11). It is undisputed that it was one of the "Defendants" whose interest in the property was foreclosed in August 2010.

---

[4] Clerk's Papers at 184.
[5] Id. at 38 (emphasis added).

In its motion, WMC argued that the default judgment should be vacated for several reasons. First, it contended that it had substantial evidence to support a meritorious defense to the original judgment. It also argued that its failure to answer the summons and complaint in a timely manner was a result of inadvertent mistake. Finally, it argued that Mortgage Electronic Registration System (MERS) should have been added by Scotty's as a necessary party in the lien foreclosure action. The trial court denied WMC's motion and awarded Scotty's attorney fees and costs.

WMC appeals.[6]

Both below and on appeal, counsel of record is "FIDELITY NATIONAL LAW GROUP, INC., A DIVISION OF FIDELITY NATIONAL TITLE GROUP, INC., Attorney for Appellant Litton Loan Servicing, L.P. as Attorney in Fact for Deutsche Bank Trust Company under the Pooling and Servicing Agreement GSAMP Trust 2005-WMCI, as successor to WMC Mortgage Corporation." It does not appear that Deutsche Bank either joined in WMC's motion or sought to intervene below. Likewise, Deutsche Bank is not a party to this appeal. There is no further explanation in this record of either the relationship among these various entities or to WMC.

## MOTION TO VACATE JUDGMENT

WMC argues that the trial court abused its discretion when it denied its motion to vacate the default judgment. We disagree.

---

[6] Clerk's Papers at 506-07.

A motion to vacate a default judgment is "addressed to the sound judicial discretion of the trial court."[7] We will not disturb a trial court's decision on a motion to vacate a default judgment unless the trial court abused its discretion.[8] "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons."[9] Abuse of discretion is less likely to be found when a default judgment is set aside.[10] An appellate court reviews de novo the construction of court rules.[11]

As our supreme court noted in White, "a proceeding to vacate or set aside a default judgment . . . is equitable in its character, and the relief sought or afforded is to be administered in accordance with equitable principles . . . ."[12] In its review of a motion to vacate a default judgment, a trial court examines two primary and two secondary factors.[13]

> These factors are: (1) That there is substantial evidence extant to support, at least prima facie, a defense to the claim asserted by the opposing party; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, was occasioned by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party.[14]

---

[7] White, 73 Wn.2d at 351; Little v. King, 160 Wn.2d 696, 709, 161 P.3d 345 (2007).

[8] Griggs v. Averbeck Realty, Inc., 92 Wn.2d 576, 582, 599 P.2d 1289 (1979).

[9] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

[10] Griggs, 92 Wn.2d at 582.

[11] State v. Robinson, 153 Wn.2d 689, 693, 107 P.3d 90 (2005).

[12] White, 73 Wn.2d at 351.

[13] Id. at 352.

[14] Id.; Little, 160 Wn.2d at 703-04; Fowler v. Johnson, 167 Wn. App. 596, 601, 273 P.3d 1042 (2012).

Even if a moving party is "able to demonstrate a strong or virtually conclusive defense[,]" it must still demonstrate that its "failure to properly appear in the action in the first instance was not willful."[15] Further, it must demonstrate that its motion to vacate the default judgment was timely.[16]

WMC goes to great pains to argue that it has a meritorious defense to the claim asserted by Scotty's: that the WMC deed of trust has priority of record over the lien of Scotty's. But satisfying the first prong of the White test alone does not permit vacation of a default judgment where a party's failure to appear was willful and its motion to vacate is not timely.

We assume for purposes of our analysis that WMC's deed of trust has first-in-time priority under the "race-notice" recording statute given that it was recorded almost two years before Scotty commenced work or provided materials to the property.[17] WMC contends that a deed of trust's priority of record is not lost when held by an unrecorded assignment, and, thus, that the underlying judgment in the foreclosure suit was improper.[18] These statements are accurate summaries of the law. But they do nothing to satisfy the requirements to set aside the default. "On review of an order denying a motion to vacate, only 'the propriety of the denial *not* the impropriety of the underlying judgment' is before

---

[15] White, 73 Wn.2d at 352-53.

[16] Id. at 352.

[17] Brief of Appellants at 10-11 (citing Zervas Group Architects, P.S. v. Bay View Tower LLC, 161 Wn. App. 322, 325 n.7, 254 P.3d 895 (2011); RCW 60.04.061).

[18] Id. at 11 (citing John M. Keltch, Inc. v. Don Hoyt, Inc., 4 Wn. App. 580, 583, 483 P.2d 135 (1971)).

the reviewing court."[19] WMC cannot demonstrate that its failure to appear was not willful. Nor can it show that its motion to vacate was timely.

WMC acknowledges that it received proper notice of the underlying case. More importantly, WMC's letter to Goldman Sachs, in which it stated that it would "not take any further action in connection" with the foreclosure lien claim demonstrates that its failure to appear was willful. And WMC moved to vacate the default judgment and set aside the trial court's order over two years after the entry of default and over one year after the default judgment. Thus, WMC's meritorious defense does not alter the merits of its motion to vacate.

Additionally, WMC makes no showing as to the other two White factors. It does not argue, nor can it, that it acted with due diligence after the entry of the default judgment, given the length of time that elapsed between the court's entry of default and WMC's motion. Nor does it argue that it will face substantial hardship if the trial court's order of default remains in effect.

We conclude that WMC's failure to satisfy the requirement of White supports the trial court's sound exercise of discretion in denying the motion to vacate.

WMC also argues that the trial court abused its discretion by failing to vacate the default judgment under CR 60(b)(9) and (11). WMC provides no legal argument or citation to authority why it would be entitled to vacation of the default judgment under either subsection. Because it has cited no authority, we

---

[19] State v. Gaut, 111 Wn. App. 875, 881, 46 P.3d 832 (2002) (quoting Bjurstrom v. Campbell, 27 Wn. App. 449, 450-51, 618 P.2d 533 (1980)).

presume it has found none.[20]  Generally, this court will not review an issue unsupported by authority or persuasive argument.[21]  For these reasons, we decline to reach these arguments.

### CR 55 and CR 60

WMC also incorrectly argues that a trial court can set aside a default under either CR 55(c)(1) *or* CR 60(b).  Consequently, WMC argues that it need not meet the requirements of CR 60.  This is simply wrong.

Review of construction of a court rule is de novo because it is a question of law.[22]  "[T]he plain language of a court rule controls where it is unambiguous . . . ."[23]

CR 55(c) governs the setting aside of an order of default, while CR 60(b) outlines the requirements for the vacation of a judgment.  When a trial court is asked to vacate a *default* judgment, it does so pursuant to CR 55(c) *and* CR 60.[24]

CR 55(c) provides that an order of default may be set aside for good cause:

> **(c) Setting Aside Default.**
>
> (1) *Generally.* For good cause shown and upon such terms as the court deems just, the court may set aside an entry of default

---

[20] State v. Young, 89 Wn.2d 613, 625, 574 P.2d 1171 (1978) (courts may assume that where no authority is cited, counsel has found none after search).

[21] See State v. Johnson, 119 Wn.2d 167, 170-71, 829 P.2d 1082 (1992); see also Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[22] Robinson, 153 Wn.2d at 693.

[23] Id.

[24] Sacotte Constr., Inc. v. Nat'l Fire & Marine Ins., 143 Wn. App. 410, 414-15, 177 P.3d 1147 (2008).

and, if a judgment by default has been entered, may likewise set it aside *in accordance with rule 60(b).*[25]

Under CR 60(b), a party may obtain relief from a previously entered judgment where it can allege mistake, inadvertence, excusable neglect, or newly discovered evidence, among other reasons. CR 60(b) applies to relief from all judgments, including default judgments.[26]

"[A] proceeding to vacate or set aside a default judgment, although not a suit in equity, is equitable in its character, and the relief sought or afforded is to be administered in accordance with equitable principles and terms."[27] But, while relief from a default judgment is governed by these equitable principles, "the grounds and procedures [for moving for relief] are set forth in CR 60."[28] Thus, parties must generally comply with the requirements of CR 60 to vacate a default judgment.

WMC argues that a trial court has *two* primary methods by which it can undo a default: CR 55 *or* CR 60. Specifically, WMC contends that when considering vacation of a default judgment, a trial court is not truly bound to consider any time limits. This is incorrect. It is true that the equitable principles that govern relief from an order of a default also govern the vacation of a default

---

[25] (Emphasis added.)
[26] Griggs, 92 Wn.2d at 582; Stanley v. Cole, 157 Wn. App. 873, 879, 239 P.3d 611 (2010).
[27] White, 73 Wn.2d at 351.
[28] Griggs, 92 Wn.2d at 582.

judgment.[29] But, our courts have made clear that a party seeking vacation of a default judgment must still meet the requirements of CR 60.[30]

WMC relies on several cases to support its argument that it need not demonstrate compliance with CR 60. None are helpful, and all differentiate what is required to vacate a *default judgment* from what is necessary to set aside an *order of default*.

The first of these cases, Jesmore v. Frank,[31] is an unpublished opinion. Under GR 14.1(a), "A party may not cite as authority an unpublished opinion of the Court of Appeals." Consequently, we do not consider it.

WMC also relies on a Ninth Circuit opinion, Hawaii Carpenters' Trust Funds v. Stone,[32] but this case is unhelpful. There, the Ninth Circuit made clear that setting aside a default judgment requires a party to adhere to both Federal Rule of Civil Procedure 55(c) *and* 60(b).

> Rule 55(c) provides the standards for determining whether relief from a default entry or default judgment should be granted. . . . But when *default judgment* has been entered, Rule 55(c) refers to Rule 60(b), which provides that relief from a final judgment may be granted only under *specific conditions*.[33]

WMC quotes the following passage from Hawaii Carpenters' in its brief:

> The different treatment of default entry and judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court.[34]

---

[29] Sanderson v. University Village, 98 Wn. App. 403, 410, 989 P.2d 587 (1999).

[30] Id.

[31] Noted at 105 Wn. App. 1043, 2001 WL 324120.

[32] 794 F.2d 508 (9th Cir. 1986).

[33] Id. (emphasis added).

[34] Brief of Appellant at 25 (quoting Hawaii Carpenters', 794 F.2d at 513).

But, WMC fails to recognize that this quotation addresses the setting aside of an *order of default*, not the vacation of a *default judgment*. Thus, this decision does not support WMC's argument.

Finally, WMC incorrectly relies on Sanderson v. University Village,[35] arguing that "the court held that a motion to set aside an entry of default is not governed by Rule 60(b) or by any express time limits . . . ."[36] But, once again, WMC fails to differentiate between an opinion's holding with respect to an order of default from a default judgment. The only issue upon which the court based its holding was whether a court could vacate an *order of default* outside the one year time limit enunciated in CR 60(b).[37] Indeed, the court acknowledged that "vacation of *default judgments* must comply, as CR 55(c)(1) indicates, with the requirements of CR 60(b) . . . ."[38] Thus, Sanderson supports the plain language of CR 55(c) and CR 60(b), which require that a party seeking to vacate a default judgment comply with all requirements of CR 60.

## ARGUMENTS ON BEHALF OF A NON-PARTY

WMC makes several arguments that purport to show why Deutsche Bank might have a separate defense to Scotty's' judgment in the underlying case. These arguments were not made to the trial court and thus we need not address them.[39] Moreover, Deutsche Bank was neither a party below nor is it here on

---

[35] 98 Wn. App. 403, 989 P.2d 587 (1999).

[36] Brief of Appellant at 26.

[37] Sanderson, 98 Wn. App. at 409-10.

[38] Id. at 410 (emphasis added).

[39] See RAP 2.5(a); see also State v. McFarland, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995) ("As a general rule, appellate courts will not consider issues raised for the first time on appeal.").

11

appeal. Thus, we express no opinion either as to its duties or obligations with respect to Scotty's foreclosure claim or the deed of trust and promissory note in this action.

## ATTORNEY FEES AND MOTION TO STRIKE

Scotty's requests that it be awarded costs under RAP 14.2 and that, as authorized by RAP 18.9, we sanction WMC for filing a frivolous appeal. We grant both requests. Scotty's also submitted a motion to strike portions of WMC's reply brief and statement of additional authorities, which we deny.

RAP 14.2 provides that an appellate court "will award costs to the party that substantially prevails on review . . . ." Here, Scotty's substantially prevailed and is thus entitled to costs.

Scotty's also requests that this court sanction WMC pursuant to RAP 18.9. RAP 18.9(a) allows an appellate court on its own initiative to order a party who files a frivolous appeal to pay terms to another party. An appeal is frivolous if, considering the entire record, and resolving all doubts in favor of the appellant, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that appeal is so devoid of merit that there is no possibility of reversal.[40]

Here, WMC's appeal is wholly frivolous. WMC patently fails to fulfill any of the four requirements of White, the dispositive case on whether a court should set aside a default. Given this failure, whether the defense it would interpose is

---

[40] Tiffany Family Trust Corp., 155 Wn.2d at 241.

meritorious is irrelevant. Thus, we award attorney fees as authorized under RAP 18.9(a).

Finally, Scotty's moved to strike portions of WMC's Reply Brief and Statement of Additional Authority in which WMC makes new arguments not raised at the trial court level or in its opening brief. We deny Scotty's' motion to strike, but do so because we need not consider WMC's additional arguments. WMC argued in reply and through citation to additional cases in its statement of additional authority that CR 60(b)(1) and (b)(4) required vacation of the default judgment. Because issues raised and argued for the first time in reply are too late to warrant our consideration, we did not consider WMC's new arguments in its reply.[41]

We affirm the order denying defendant WMC's motion to vacate and set aside the default judgment. We also impose sanctions against WMC for a frivolous appeal, the amount of such sanctions to be determined by a commissioner of this court on application and proper support by Scotty's.

_Cox, J._

WE CONCUR:

_Leach, C.J._          _Dwyer, J._

---

[41] Cowiche Canyon, 118 Wn.2d at 809.

13