
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KLAHANIE ASSOCIATION, | ) | No. 76106-4-I |
| Respondent, | ) ) ) | |
| v. | ) ) | DIVISION ONE |
| SUNDANCE AT KLAHANIE CONDOMINIUM ASSOCIATION, | ) ) ) ) | PUBLISHED OPINION |
| Appellants, | ) ) ) | |
| KRYSTLE MCCORD; RICHARD E. MILLER & EVELYN E. MILLER, and the marital community comprised therein; BANK OF AMERICA, N.A., | ) ) ) ) ) ) | |
| Defendants. | ) ) | FILED: December 26, 2017 |

APPELWICK, J. — The trial court concluded that the condominium association's lien for assessments was not entitled to statutory priority over similar assessments made pursuant to the covenants of the homeowners association within which the condominium was organized. We affirm.

## FACTS

Krystle McCord and Evelyn Miller owned real property in Issaquah. That property is part of two separate associations, Klahanie Association (Klahanie) and Sundance at Klahanie Condominium Association (Sundance). Klahanie is a homeowners association (HOA) created in 1985. Sundance is a condominium

association created pursuant to the Washington Condominium Act (WCA), chapter 64.34 RCW, in 1995. Sundance is a condominium association on property that is within Klahanie.

McCord and Miller fell behind on their assessments owed to both associations. On March 12, 2015, Sundance obtained an $8,559.73 judgment against them.

Two months later, on May 12, 2015, Klahanie filed a complaint to foreclose on its lien for $3,596.09 in assessments owed. Klahanie moved for summary judgment on the basis that its lien was senior to Sundance's lien. Klahanie reasoned that its priority date was established when its covenants, conditions, and restrictions (CC&Rs) were recorded in 1985 (as opposed to when the owner defaulted in 2014), while Sundance's priority date was when Sundance's declaration was recorded in 1995. The trial court agreed. It granted summary judgment in favor of Klahanie, and, pursuant to the CC&Rs awarded attorney fees in Klahanie's favor.

Sundance appeals.

## DISCUSSION

When reviewing a summary judgment order, this court engages in the same inquiry as the trial court. Hertog v. City of Seattle, 138 Wn.2d 265, 275, 979 P.2d 400 (1999). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. All facts and reasonable inferences are considered in the light most favorable to the nonmoving party. Id. Questions of law are reviewed de novo. Id.

2

I.    Competing Claims of Lien Priority

Sundance, like all condominiums created in this state after July 1, 1990, organized under the Washington Condominium Act (WCA). RCW 64.34.010(1). The WCA provides for assessments to be levied against association members. See RCW 64.34.360. The WCA also gives WCA associations a statutory lien for unpaid assessments. RCW 64.34.364(1). As to those liens' priority date, RCW 64.34.364(7) states that "[r]ecording of the declaration constitutes record notice and perfection of the lien for assessments." And, the WCA gives statutory superpriority to condominium association assessment liens over other liens, with limited exceptions. See RCW 64.34.364(2).

Klahanie was created upon the recording of its CC&Rs in 1985.[1] The CC&R's bind owners within Klahanie to pay assessments. The master plan included plans for both single family and multifamily development. Section 1.6 of the CC&Rs contemplates that later condominiums, referred to as "Living Units," may be created on the property. Section 4.3 requires that assessment obligations pass through to each individual living unit, rather than the lots themselves. And, the CC&Rs state that the consequence of not paying assessments is a lien against the living unit "in the nature of a mortgage in favor of the Association."

---

[1] Washington has multiple acts that govern condominiums, the WCA and the Horizontal Property Regimes Act[1] (HPRA), ch. 64.32 RCW, which was enacted in 1963. WASH. BAR ASS'N, REAL PROPERTY DESKBOOK § 22.2 (3d ed. 1996). HPRA applies to all condominiums created prior to July 1, 1990. Id. at § 22.3(1)(a). "It is a typical 'first generation' condominium statute." Id. at § 22.2. It does not provide significant statutory guidance on the rights and responsibilities of the owners' association. Id.

Unlike Sundance, Klahanie has no statute comparable to RCW 64.34.364(2) to rely upon for superpriority for its lien claim. But, within the WCA, RCW 64.34.364(2)(a) creates an exception to superpriority for "[l]iens and encumbrances recorded before the recording of the declaration." The priority of the respective liens here turns on whether Klahanie's non-WCA lien is a lien or encumbrance that falls within this exception for previously recorded liens or encumbrances.

## II. Exception to Superpriority

The WCA does not contain a definition for either "lien" or "encumbrance." RCW 64.34.020. This presents a question of statutory interpretation, which this court reviews de novo. Port of Seattle v. Pollution Control Hearings Bd., 151 Wn.2d 568, 587, 90 P.3d 659 (2004).

Our Supreme Court has defined encumbrances as follows:

> An "encumbrance" has been defined by this court to be any right to, or interest in, land which may subsist in third persons, to the diminution of the value of the estate of the tenant, but consistent with the passing of the fee; and, also, as a burden upon land depreciative of its value, such as a lien, easement, or servitude, which, though adverse to the interest of the landowner, does not conflict with his conveyance of the land in fee.

Hebb v. Severson, 32 Wn.2d 159, 167, 201 P.2d 156 (1948).

The Klahanie CC&Rs are an encumbrance within this definition. They are a burden on the property adverse to the owner. They subsist in a third party: the association and its members. They limit types of acceptable uses of the property. They do not interfere with conveying the subject property in fee, but bind all successive owners. They include an affirmative obligation on owners to pay

4

monthly assessments. And, importantly for this case, they dictate that any failure to pay assessment obligations gives rise to a lien enforceable by the association. The CC&Rs are restrictions that diminish the value of the condominium. They are "encumbrances" on the land within Klahanie, previously recorded. They were not extinguished by the recording of the Sundance condominium declaration.[2]

But, Sundance points to the language of the Klahanie CC&Rs in arguing that no lien arises until the assessments are past due. Specifically, the CC&Rs state that "[i]f any assessment payment is not made in full within 30 days after it was first due and payable, the unpaid amounts shall constitute a lien against the Lot." Thus, it argues that the terms of Klahanie's own CC&Rs dictate that no lien exists until 30 days after the assessment was due.

However, other portions of the Klahanie CC&Rs cut against this reading. Section 4.10 of the Klahanie CC&Rs states that "any such lien when created, shall be a security interest in the nature of a mortgage in favor of the association." And, the general rule is that a mortgage for future advances becomes an effective lien as to subsequent encumbrances from the time of its recording. John M. Keltch, Inc. v. Don Hoyt, Inc., 4 Wn. App. 580, 581, 483 P.2d 135 (1971). Applying this

---

[2] Sundance also argues that RCW 64.34.435 dictates that the Klahanie lien could not have been a lien or encumbrance in place at Sundance's 1995 priority date. The statute states that every lien or encumbrance affecting the property shall be paid or released prior to the first conveyance. RCW 64.34.435(1). Sundance did not rely on this statute in either its summary judgment response, or in its own motion for summary judgment, and under RAP 2.5(a) we therefore need not consider it. But, even so, we have no trouble observing that this statute does not contemplate the types of encumbrances at issue here.

general rule to the CC&Rs, we conclude that the Klahanie lien for assessments relates back to the date of the recording of the CC&Rs.

Doing so is analogous to and consistent with the treatment of WCA assessment liens as future advances on mortgages in BAC Home Loans Servicing, LP v. Fulbright, 180 Wn.2d 754, 767, 328 P.3d 895 (2014). There, the court noted the similarity between WCA liens and liens for future advances. Id. at 763. It reasoned that "[t]his is, in essence, a particular application of a lien for future advances, which secures the obligations the obligor has not yet incurred." Id. Second, the court noted that RCW 64.34.364(7)'s plain language supports the analogy to future advances. BAC, 180 Wn.2d at 763. RCW 64.34.364(7) states that recording of the declaration constitutes record notice and perfection for a lien for unpaid assessments. As a result, the assessment lien related back to the filing of the declaration and had priority over the mortgage lien which would otherwise have had statutory priority under RCW 64.34.364(2)(b). BAC, 180 Wn.2d at 764, 767. We find the reasoning in BAC persuasive as to non-WCA assessment liens.

The Klahanie CC&Rs were an encumbrance recorded before the 1995 Sundance CC&Rs. Therefore, consistent with the CC&Rs and BAC, the Klahanie lien—which arises out of that encumbrance—should be treated as a mortgage for future advances. It relates back to the recording date of the CC&Rs, and pursuant to the exception found in RCW 64.34.364(2)(a), has priority over the Sundance lien. The trial court properly granted summary judgment.

III. Attorney Fees

Sundance challenges the trial court's award of attorney fees in favor of Klahanie. Washington generally follows the "American rule" on attorney fees. Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 143, 930 P.2d 288 (1997). That rule provides that attorney fees are not recoverable by the prevailing party as costs of litigation unless the recovery is permitted by contract, statute, or some recognized ground of equity. Id.

Klahanie argues that it is entitled to attorney fees under the CC&Rs. Specifically, the CC&Rs state that:

> In the event of a suit or action to enforce any provision of this Declaration or to collect any money due hereunder or to foreclose a lien, the unsuccessful party in such suit or action shall pay to the prevailing party all costs and expenses . . . and all attorney's fees that the prevailing party has incurred in connection with the suit or action.

Sundance argues that, because it is merely a creditor, and not the debtor, it is not liable for fees under this provision. Sundance makes numerous analogies to third party creditors. It argues that, if an HOA can claim attorney fees under CC&Rs against any creditor who is not a party to the CC&Rs, it will send a chilling message to any potential creditors.

But, Sundance is not a typical third party creditor, because it is a development within Klahanie. And, the Klahanie CC&Rs state they are "binding upon all parties having or acquiring any right, title, or interest in Klahanie or any part thereof . . . and shall in all respects be regarded as covenants running with the land." As a governing entity of property that was already subject to the

Klahanie CC&Rs, Sundance has an "interest" in Klahanie property, and therefore assented to the Klahanie CC&Rs' terms.

The trial court properly found that Sundance was in privity with Klahanie because Sundance is within the Klahanie property and subject to the CC&Rs. Klahanie therefore was entitled to attorney fees. Klahanie also requests attorney fees on appeal on the same basis. The CC&Rs entitle Klahanie to appellate attorney fees in a suit to collect assessments. We affirm the trial court's award of attorney fees and also award appellate attorney fees to Klahanie.

We affirm.

WE CONCUR: